THOMAS J. KING *vs.* BOARD OF CANVASSERS AND REGIS-
TRATION OF CITY OF PROVIDENCE.

JANUARY 3, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1) Elections. Payment of Tax.*
Under the provisions of Cons. R. I. Art. VII of amendments, Sec. 1, "no person shall at any time be allowed to vote in the election of the city council of any city . . . unless he shall within the year next preceding have paid a tax assessed upon his property therein . . . ," the payment within the year of a tax which was in arrears and as to which the tax payer was in default before the beginning of such year, is not sufficient. *Andrews v. Sullivan*, 36 R. I. 137, explained.

*(2)   Elections.   Payment of Tax.*

Gen. Laws, 1909, cap. 7, § 22, as amended by Pub. Laws, cap. 640, approved August 22, 1910, providing that no person claiming the right to vote upon payment of a tax, for members of a city council shall be admitted to vote by the boards of canvassers, unless upon the production of a certificate that before the sixth day preceding the day of such voting he has paid such tax assessed against him for and within such year, is not unconstitutional as being in derogation of Cons. R. I. Art. VII of amendments, Sec. 1, providing that "no person shall at any time be allowed to vote in the election of the city council of any city . . . unless he shall within the year next preceding have paid a tax assessed upon his property therein . . ."

*(3)   Certiorari.*

Where respondent has not made return to a writ of *certiorari* but has moved to dismiss the writ, and it appears upon the allegations of the petition that the record in question should not be quashed, the proper order to enter is not for quashal or dismissal of the writ but that the same be superseded.

CERTIORARI.   Heard on motion to dismiss and writ superseded.

SWEETLAND, J.   This is a petition for a writ of *certiorari* to be directed to the board of canvassers and registration in the city of Providence ordering said board to certify for our inspection the record relating to its canvass of the votes cast for members of the common council from the tenth ward of said city at the election held on the 5th day of November, 1918, to the end that so much of said record as is illegal may be quashed.

A writ of *certiorari* has issued as prayed for by the petitioner.   The respondent has not made return in obedience to the writ but has filed its motion to dismiss.   The motion fails to set out the grounds for dismissal.   At the hearing on said motion however it appeared that the respondent sought to have the writ quashed or superseded because of its claim that upon the allegations of the petition the record of the respondent board to which the petitioner objects should not be quashed but affirmed.

It appears from the facts set forth in the petition, all of which are admitted by the respondent to be true, that the petitioner is a citizen of the United States and has had his residence and home in the tenth ward of the city of Provi-

dence for more than two years next preceding the 5th day of November, 1918, the day of said election; that on June 15, 1917, a tax was assessed in Providence upon the petitioner's personal property in Providence valued at least at one hundred and thirty-four dollars; that by the provisions of said assessment said tax was required to be paid to the city treasurer as tax collector on or before October 23, 1917; that the petitioner did not pay said tax on or before October 23, 1917, but paid the same on May 29, 1918. It further appears that on June 15, 1918, a tax was assessed in Providence upon the petitioner's personal property in Providence, valued at least at one hundred and thirty-four dollars; that by the provisions of said last named assessment said tax was required to be paid to the city treasurer as tax collector on or before October 22, 1918; that the petitioner did not pay said last named tax on or before October 22, 1918, but paid the same on October 30, 1918, which day was not before the sixth day preceding said day of election. It further appears that the petitioner was duly nominated as a candidate for the office of common councilman from said tenth ward of Providence on October 16, 1918, to be voted for at the election to be held November 5, 1918, and that his name was placed upon the official ballot as such candidate. It further appears that at the final canvass of the voting lists of said tenth ward the respondent board struck the petitioner's name from the list of persons qualified to vote for members of the common council at the election to be held November 5, 1918, for the reason that before the sixth day preceding the day of said election the petitioner had failed to pay the personal property tax assessed against him; and at said election the petitioner was not permitted to vote for any candidate for member of the common council from said ward. The petitioner was one of the four persons receiving the highest number of votes cast at said election for the office of common councilman from said ward; and if the petitioner was a duly qualified candidate the respondent board admit that he was entitled to be

declared elected to said office. Said board however refused to issue to the petitioner a certificate of election on the ground that he was not eligible to hold the office of common councilman for the reason that he was not at said election a qualified elector for such office.

The following provisions of law relate to the question before us. Section 1, Article IX of the Constitution of Rhode Island is as follows: "No person shall be eligible to any civil office (except the office of school committee), unless he be a qualified elector for such office."

Section 1 of Article VII of Amendments to the Constitution of Rhode Island, among other things, provides as follows: "*Provided,* that no person shall at any time be allowed to vote in the election of the city council of any city, or upon any proposition to impose a tax or for the expenditure of money in any town or city, unless he shall within the year next preceding have paid a tax assessed upon his property therein, valued at least at one hundred and thirty-four dollars."

Section 22 of Chapter 7, General Laws, 1909, as amended by Pub. Laws, Chapter 640, approved August 22, 1910, is as follows: "Sec. 22. No person who claims the right to vote upon the payment of a tax or taxes assessed against him upon property, for aldermen or common councilmen of any city within this state, or upon any proposition to impose a tax or for the expenditure of money in any town or city, shall by the boards of canvassers be admitted to vote for said officers or upon said propositions, unless upon the production of a certificate from the collector of taxes, town treasurer, or clerk of the town or city in which he resides, that before the sixth day preceding the day of such voting he has paid such tax assessed against him therein for and within such year."

The contention of the petitioner is that for each of the following reasons the action of the respondent board was erroneous and the record in question should be quashed. First, the petitioner claims that the payment by him on

May 29, 1918, of the tax assessed on June 15, 1917, and payable on or before October 23, 1917, was within the meaning of said Article VII of Amendments to the Constitution the payment of a tax within the year next preceding the day of election assessed upon his personal property in Providence; and that by reason of said payment and his other qualification he was on November 5, 1918, a qualified elector for and eligible to said office of common councilman. In support of that claim the petitioner relies upon the opinion of this court in *Andrews* v. *Sullivan*, 36 R. I. 137. In that case the court held that an elector became qualified to vote for members of the city council by reason of the payment by him within the year next preceding the day of election of a tax which had been assessed more than a year before said day of election but which by the provisions of its assessment did not become demandable and enforceable against the taxpayer until within the year next preceding the election. There the court was dealing with a situation quite unlike that presented by the facts in this case. In the course of the opinion the court said: "We think that it is the payment rather than the assessment of the taxes which must furnish the basis in calculating the period of twelve months." Upon that sentence the petitioner lays much stress. Plainly, however, the court had reference merely to the payment then in question of a tax which was not overdue before the year but which for the first time became demandable within the year before the election. There is nothing in the opinion that justifies the application of that language to the payment of a tax which was in arrears, and as to which the taxpayer was in default, before the beginning of such year. That was not the intention of the court, and to so hold would amount to an unwarranted extension of said constitutional provision.

It is further claimed by the petitioner that the payment by him on October 30, 1918, of the tax assessed against him on June 15, 1918, and payable on or before October 22, 1918, (2) qualified him to vote for members of the common council

at said election.   Such contention is in disregard of the pro-
vision of Section 22 of Chapter 7, General Laws, 1909, as
amended by Public Laws, Chapter 640, approved August
22, 1910, quoted above.   The petitioner, however, as the
third ground of his position claims that said section is
unconstitutional because it is in conflict with the provisions
of Section 1, Article VII of Amendments to the Constitution
quoted above, and that it constitutes an unwarranted re-
striction upon the taxpayer's constitutional right to qualify
himself to vote in an election of the city council by the
payment of a tax, assessed upon his property, at any time
throughout the whole of the year next preceding such
election.

The provisions of Section 1, Article VII of Amendments
to the Constitution quoted above must be given a reasonable
construction having regard for the necessary regulations
concerning the canvass of voters, the preparation of voting
lists and the orderly conduct of elections.   The collection
of taxes and the preparation of voting lists belong respec-
tively to two different departments in the various cities of
the State.   As the right to vote for members of the city
council depends upon the payment of the tax it is necessary
that some method be adopted to convey to the canvassers
in an official and orderly way the knowledge that the tax
has been paid.   It is necessary that a reasonable time should
be given for the transmission of such official information and
that thereafter a reasonable time should be given to the
canvassers to arrange their lists to conform to the informa-
tion so received.   The general assembly has by said Section
22 provided that at least six days should be available for
these purposes.   Perhaps a shorter time might have been
sufficient, but the general assembly having the matter
before it has fixed upon that as a reasonable period and we
cannot say that it is so unreasonable as to render the pro-
vision unconstitutional.   By the provisions of Section 3 of
Article VII of Amendments to the Constitution, Section 1
of that article shall take in the constitution of the State the

place of Section 2 of Article II "Of the Qualifications of Electors." Article VII of Amendments thus becomes a part of Article II of the constitution of the State. Section 6 of Article II provides as follows: "The general assembly shall have full power to provide for a registry of voters, to prescribe the manner of conducting the elections, the form of certificates, the nature of the evidence to be required in case of a dispute as to the right of any person to vote, and generally to enact all laws necessary to carry this article into effect, and to prevent abuse, corruption and fraud in voting." Said Section 22 quoted above appears to be a not unreasonable provision designed to carry into effect and make operative the provisions of Article VII of Amendments to the constitution. In our opinion said Section 22 is not unconstitutional as being in derogation of Article VII of Amendments to the Constitution.

The action of the respondent board in striking the petitioner's name from the list of electors qualified to vote in said tenth ward for members of the common council was not erroneous; for under the provisions of law he was not a qualified elector for said office and hence was not eligible to said office.

Upon the allegations of the petition the record of said board should not be quashed. The respondent's motion asks for dismissal. As the respondent has not made return upon the writ, the proper order for this court to enter in the premises is not for quashal or dismissal of the writ but that the same be superseded. It is therefore ordered that the writ of *certiorari* heretofore issued is superseded.

*William H. McSoley*, for petitioner.

*Elmer S. Chace, City Solicitor, Henry C. Cram, Charles P. Sisson, Assistant City Solicitors*, for respondent.